IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FLY LOW, INC. D/B/A KING OF
DIAMONDS,
a Florida Corporation,

      Plaintiff,

v.

H. ALAN WELLES REAL ESTATE, L.L.C.
D/B/A THE BOX EXPO CENTER, a Florida
limited liability company, SO-SERIOUS
SWAGG INC., a Florida corporation,
KENISHA MYREE A/K/A TIPDRILL, JANE
DOE ONE A/K/A DUAINI DERNIS
VASQUEZ, an individual, and JANE DOE
TWO A/K/A JACKIE JUICYJUICE, an
individual,

      Defendants.

## **COMPLAINT**

     Plaintiff, FLY LOW, INC. D/B/A KING OF DIAMONDS ("Fly Low"), through its

attorneys, sues Defendants, H. ALAN WELLES REAL ESTATE, L.L.C. D/B/A THE BOX

EXPO CENTER ("The Box"), SO-SERIOUS SWAGG INC. ("Swagg"), KENISHA MYREE

A/K/A TIPDRILL, JANE DOE ONE A/K/A DUAINI DERNIS VASQUEZ and JANE DOE

TWO A/K/A JACKIE JUICYJUICE (collectively, "Defendants"), and states:

## **INTRODUCTION**

     1.    This case arises from Defendants' willful infringement of Fly Low's registered

KING OF DIAMONDS® trademark (Count I), false designation of origin (Count II), and

common law unfair competition (Count III), in connection with the advertising and promotion of

an event to be held December 8, 2012 at The Box Expo Center in West Palm Beach, Florida, called "King of Diamonds Invasion Tour."

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §§ 1114, 1116, 1118, 1121 and 1125; 28 U.S.C. § 1331; and 28 U.S.C. §§ 1338(a) and 1367, because this case involves a federal question arising under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

3.      Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391 because all Defendants reside in this District, and committed the tortuous acts complained of in this District.

## THE PARTIES

4.      Plaintiff, Fly Low, is a corporation organized under the laws of the State of Florida, having its principal place of business in Miami, Florida.

5.      Defendant The Box is a Florida limited liability company, with its principal place of business at 2223 Palm Beach Lakes Blvd., Suite 102, West Palm Beach, Florida 33409.

6.      Defendant Swagg is a Florida corporation, with its principal place of business at 20551 NW 8th Street, Pembroke Pines, Florida 33029.

7.      Defendant Kenisha Myree a/k/a Tipdrill is an individual who, upon information and belief, resides in this district.  Additionally, Tipdrill previously performed regularly as an entertainer at Fly Low's KING OF DIAMONDS club.

8.      Defendant Jane Doe One a/k/a Duaini Dernis Vasquez is an individual who, upon information and belief, resides in this district.

9.     Defendant Jane Doe Two a/k/a Jackie Juicyjuice is an individual who, upon information and belief, resides in this district.

<u>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

A.     <u>**Fly Low and its KING OF DIAMONDS Trademark**</u>

10.     Fly Low has been doing business under the name and mark KING OF DIAMONDS since at least as early as November 24, 2008, providing night club and bar services featuring adult entertainment in South Florida.

11.     Fly Low is the owner of the federally registered trademark KIND OF DIAMONDS and Design (as shown below) (the "KING OF DIAMONDS Mark"), U.S. Trademark Registration No. 4,135,316 (the "KING OF DIAMONDS Registration") for night club services (class 41) and bar and cocktail lounge services (class 43):



12.     As a result of its use of the KING OF DIAMONDS name and mark for over four (4) years, Fly Low has also developed extensive common law trademark rights in this name and mark.

13.     The KING OF DIAMONDS name and mark is inherently distinctive and serves to identify Fly Low as the source of the services associated with the mark.

14.     Due to Fly Low's popularity and the significant advertising and promotional activities undertaken in connection with the mark, the KING OF DIAMONDS Mark is widely

recognized by the general consuming public.  Representative advertising showing Fly Low's use of its KING OF DIAMONDS Mark is attached hereto as Composite Exhibit A.

**B.** **Defendant's Infringing Conduct**

15.    Fly Low has recently learned that Defendants are promoting an event scheduled to take place on Saturday, December 8, 2012, at a venue called The Box Expo Center , located at 2223 Palm Beach Lakes Blvd., West Palm Beach, Florida 33409 featuring the very services offered by Fly Low, including exotic dancers, music, boxing, an amateur dance contest and bar services.  Significantly, the event is being promoted as "KING OF DIAMONDS Palm Beach Invasion Tour" (the "Event"), with the advertising utilizing a counterfeit of Fly Low's registered KING OF DIAMONDS Mark.

16.    Representative samples of Event promotional materials showing use of the KING OF DIAMONDS Mark are shown on Composite Exhibit B, attached hereto.

17.    Defendants are promoting the event through multiple social media platforms, including, Facebook, Instagram, and wherevent.com.  Representative samples of such promotion are shown on Composite Exhibit C, attached hereto.

18.    Defendants are not, and have never been, authorized by Fly Low to use the KING OF DIAMONDS Mark or any variation thereof.

19.    Defendants' use of the KING OF DIAMONDS name and mark to promote virtually identical services as Fly Low, including exotic dancing, music, boxing, an amateur dance contest and bar services, is likely to cause confusion, and to cause the public to mistakenly believe that Fly Low has sponsored, authorized, or licensed the Event, or that Defendants are otherwise affiliated with Fly Low.

4

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED MARK
## (15 U.S.C. § 1114)

20.     Fly Low repeats and realleges the allegations contained in Paragraphs 1 through 19 above as if fully set forth herein.

21.     Defendants' unauthorized use of the KING OF DIAMONDS name and mark in connection with the virtually identical services as covered by the KING OF DIAMONDS Registration, constitutes infringement and is likely to confuse the public into believing that the services offered by Defendants are offered, sponsored, authorized, licensed by or otherwise affiliated with Fly Low or come from the same source as Fly Low's services.

22.     Defendants' use of the KING OF DIAMONDS name and mark is without Fly Low's permission or authority.

23.     Defendants' activities have been with full knowledge of Plaintiff's rights.

24.     Defendants' willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Fly Low's rights, business, goodwill and reputation and, unless restrained, will cause further irreparable injury and damage, leaving Fly Low with no adequate remedy at law.

25.     Defendants' use of a counterfeit of the KING OF DIAMONDS Mark entitles Fly Low to enhanced or statutory damages for counterfeiting under the Lanham Act.  15 U.S.C. § 1117.

26.     To the extent that any of the Defendants have not directly infringed on Fly Low's rights, the activities of such Defendants constitute, at a minimum, contributory trademark infringement and/or counterfeiting.

## COUNT II
## FEDERAL FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125)

27.     Fly Low repeats and realleges the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

28.     The KING OF DIAMONDS name and mark is inherently distinctive, has achieved a high degree of consumer recognition, and serves to identify Fly Low as the source of the services associated with the mark.

29.     Defendants' unauthorized use of the KING OF DIAMONDS name and mark in commerce constitutes false designation of origin and a false description that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Fly Low, or as to the origin, sponsorship or approval of Defendants' services.

30.     Defendants' use of the KING OF DIAMONDS name and mark is without Fly Low's permission or authority.

31.     Defendants' activities have been with full knowledge of Plaintiff's rights.

32.     Defendants' willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Fly Low's rights, business, goodwill and reputation and, unless restrained, will cause further irreparable injury and damage, leaving Fly Low with no adequate remedy at law.

33.     To the extent that any of the Defendants have not directly infringed on Fly Low's rights, the activities of such Defendants constitute, at a minimum, contributory infringement and/or false designation of origin.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

34.     Fly Low repeats and realleges the allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

35.     The KING OF DIAMONDS name and mark is inherently distinctive, has achieved a high degree of consumer recognition, and serves to identify Fly Low as the source of the services associated with the mark.

36.     Defendants' unauthorized use of the KING OF DIAMONDS name and mark in commerce constitutes unfair competition under the common law of Florida.

37.     Defendants' use of the KING OF DIAMONDS name and mark is without Fly Low's permission or authority.

38.     Defendants' activities have been with full knowledge of Plaintiff's rights.

39.     Defendants' willful and intentional acts of unfair competition have caused and are causing great and irreparable injury and damage to Fly Low's rights, business, goodwill and reputation and, unless restrained, will cause further irreparable injury and damage, leaving Fly Low with no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Fly Low respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

A.     Granting preliminary and permanent injunctive relief restraining Defendants, their employees, agents, officers, directors, licensees, attorneys, successors, affiliates, subsidiaries, and assigns and all those in active concert and participation with any of them, from:

(1)    Using or contributing to the unauthorized use of the KING OF DIAMONDS name and mark or any mark confusingly similar thereto in connection with the advertising, promotion and offering of any services related to the services offered by Fly Low under the KING OF DIAMONDS Mark.

(2)    Committing any other act which falsely represents or which has the effect of falsely representing that the services of Defendants are licensed by, authorized by, offered by, sponsored by, or in any other way affiliated with Fly Low;

(3)    Otherwise infringing upon and/or counterfeiting, or contributing to the infringement or counterfeiting of the KING OF DIAMONDS Mark;

(4)    Otherwise unfairly competing with Fly Low;

(5)    Aiding, assisting or abetting any other party in the acts prohibited by subparagraphs (1) through (4) above.

B.    Awarding Fly Low damages with respect to Counts I, II and III, treble damages pursuant to 15 U.S.C. § 1117(b) or statutory damages pursuant to 15 U.S.C. § 1117(c), with respect to Count I, attorneys fees, costs and such other and further relief as the Court deems just and proper.

Dated: December 4, 2012                    Respectfully submitted,

                                           PERETZ CHESAL & HERRMANN, P.L.
                                           *Counsel for Fly Low*
                                           201 S. Biscayne Blvd., Suite 1750
                                           Miami, Florida 33131
                                           Tel: 305-341-3000
                                           Fax: 305-371-6807

                                           By: /s/Michael B. Chesal
                                                 Michael B. Chesal
                                                 mchesal@pch-iplaw.com
                                                 Fla. Bar. No. 775398
                                                 Josh E. Saltz
                                                 jsaltz@pch-iplaw.com
                                                 Fla. Bar. No. 70521

# Composite Exhibit A









# Composite
# Exhibit B







# Composite Exhibit C













